**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-023-GCM-DCK**

| | |
|---|---|
| SHARON D. OGLESBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 9) and "Defendant's Motion For Summary Judgment" (Document No. 11). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

**I.   BACKGROUND**

Plaintiff Sharon D. Oglesby ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On October 5, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning July 27, 2011. (Transcript of the Record of Proceedings ("Tr.") 12, 158-159). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about March 29, 2012, and again after

reconsideration on May 9, 2012. (Tr. 12, 102-105, 112-113). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 112).

Plaintiff filed a timely written request for a hearing on May 23, 2012. (Tr. 12, 120). On October 3, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge Clinton C. Hicks ("ALJ"). (Tr. 12, 26-62). In addition, Kathryn H. Mooney, a vocational expert ("VE"), and Charlisa Powell, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on January 17, 2014, denying Plaintiff's claim. (Tr. 9-11, 12-21). On January 30, 2014, Plaintiff filed a request for review of the ALJ's decision. (Tr. 1-4, 7). The request was denied by the Appeals Council on December 17, 2014. Id. The January 17, 2014 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on February 16, 2015. (Document No. 2). On March 2, 2015, the undersigned was assigned to this case as the referral Magistrate Judge.

"Plaintiff's Motion For Summary Judgment" (Document No. 9) and "Plaintiff's Brief In Support Of Motion For Summary Judgment" (Document No. 10) were filed June 11, 2015; and "Defendant's Motion For Summary Judgment" (Document No. 11) and "Memorandum In Support

Of Defendant's Motion For Summary Judgment" (Document No. 12) were filed August 31, 2015. Plaintiff filed its "Reply To Defendant's Memorandum In Support Of Commissioner's Motion For Judgment On The Pleadings" (Document No. 13) on September 9, 2015.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that

3

it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between July 27, 2011, and the date of his decision.[1] (Tr. 12). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

    (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 21).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since July 27, 2011, her alleged disability onset date. (Tr. 14). At the second step, the ALJ found that post-traumatic stress disorder, depression, anxiety, degenerative disc disease, fibromyalgia, and right patellofemoral syndrome, were severe impairments.[2] (Tr. 14). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 14).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> except sit/stand option (with an ability to change position twice per hour); no climbing of ropes/ladders/scaffolds; occasional climbing of ramps/stairs; no kneeling; frequent, not constant handling/fingering; simple, routine, repetitive tasks; a non-production pace; and occasional interaction with the public.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

(Tr. 15). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 16).

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a coater, a cook, and a restaurant manager. (Tr. 20). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 20). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included photocopy machine operator and companion/patient sitter. (Tr. 21). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between July 27, 2011, and the date of his decision, January 17, 2014. (Tr. 21).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred by failing to consider the disability determination issued by the Department of Veterans Affairs; and (2) the ALJ erred in failing to apply fibromyalgia ruling SSR 12-2p. (Document No. 10, pp. 6-7). The undersigned will discuss each of these contentions in turn.

**A.  Disability Determination Issued by VA**

In her first assignment of error, Plaintiff argues that the ALJ failed to consider or assign weight to the Veterans Administration ("VA") disability determination. Plaintiff contends that substantial weight must be given to a Veterans Affairs disability rating, and that the ALJ failed to explain why the evidence was given less than substantial weight. (Document No. 10, p. 6) (citing

Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012)).  Plaintiff also argues that when it is unclear from the record whether the ALJ "properly considered" the VA disability rating, his treatment of the disability rating is not supported by substantial evidence.  (Document No. 13, pp. 3-4) (citing Cotton v. Colvin, 2013 WL 4509710, *3-4 (W.D.N.C. July 3, 2013);  Salazar v. Colvin, 2014 WL 486726 (M.D.N.C. Feb. 6, 2014) (remanding a case where the weight given to the VA disability ratings decision was not explained)).

Plaintiff notes the ALJ only explicitly mentioned the Veterans Administration's finding of disability once in his decision, and did not articulate how much weight he was giving the disability rating down in his decision.  (Document No. 7, p. 6) (citing Tr. 16).  For this reason, Plaintiff claims the ALJ did not properly assign substantial weight to the VA disability rating.  (Document No. 10, p. 7).

In response, Defendant asserts that the ALJ must have misplaced or overlooked the VA decision, and that it is not clear why the ALJ did not consider this finding, but that the Appeals Council considered the VA decision and made it part of the record.  (Document No. 12, pp. 4-5).

The undersigned finds that the VA disability determination was properly considered by the ALJ in determining the residual functional capacity of Plaintiff.  Although the Fourth Circuit has held substantial weight should be given to a VA disability determination, the Bird court also noted the SSA employs its own standards for evaluating a claimant's alleged disability, and therefore, "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate."  Bird, 699 F.3d at 343.

In addition, this Court has addressed the issue of weighing disability ratings by other governmental agencies and found that as long as the ALJ makes a statement demonstrating he considered opinion evidence given by other agencies, then the opinion is given sufficiently

adequate consideration. See Gabriel v. Colvin, 1:14-CV-270-FDW, 2015 WL 4591591, at *3-4 (W.D.N.C. July 29, 2015); see also Fraley v. Colvin, 3:14-CV-192-RLV, 2015 WL 5007826, at *5 (W.D.N.C. Aug. 20, 2015).

Here, the ALJ specifically noted:

> The medical records reflect the claimant's history of multiple medical conditions, including post-traumatic stress disorder (PTSD) related to her military service in Iraq, depression, anxiety and treatment with various selective serotonin reuptake inhibitors (SSRIs) antidepressants. The Veterans Administration (VA) found the claimant disabled and eligible for 70 percent service connected disability.

(Tr. 16).

The undersigned is not persuaded by Plaintiff's argument that Cotton v. Colvin is analogous to this case. In Cotton, the court found that the ALJ had not properly considered the VA disability rating in part because the ALJ failed to properly recognize the VA determination as a "disability rating," but instead viewed it as an "opinion" of the VA. Cotton, 2013 WL 4509710, at *4. In the instant case, the ALJ does properly recognize the VA determination as a disability rating. (Tr. 16). Defendant also correctly notes that the Appeals Council specifically considered the VA's determination and found there was no basis for changing the ALJ's decision. See (Tr. 1-2, 5) (citing Tr. 255-272).

Furthermore, the ALJ extensively considered the medical treatments following Plaintiff's disability determination by the VA in his decision, providing an adequate basis for his decision. Although it is unclear exactly how much weight the ALJ gave the VA's disability determination, it does appear that he considered the VA determination and that substantial evidence supports his ultimate decision.

The VA disability rating mentioned by the ALJ was assigned effective February 10, 2010. (Tr. 267). The undersigned observes that the VA's decision, as noted by the ALJ, assigned a 70

percent evaluation for occupational and social impairment. (Tr. 16, 265). The VA opined that a "higher evaluation of 100 percent is not warranted because the evidence does not show total occupational and social impairment." (Tr. 269). The VA further held that there is a "likelihood of improvement" and that its "assigned valuation is not considered permanent and is subject to future review." (Tr. 269). As such, the ALJ's determination that Plaintiff is not completely disabled does not appear to be inconsistent with the VA's decision. The undersigned notes that Plaintiff does not explain how the VA's decision supports a finding that she is unable to perform any jobs in the national economy.

Subsequent to the VA decision, Plaintiff also received numerous treatments noted by the ALJ, such as receiving rheumatology care for seronegative inflammatory arthritis in January 2012, after which

> [s]he reported doing 100 percent better on her medications, she had no additional complaints, she denied unexplained weight loss/gain, shortness of breath, balance problems, joint or back pain or muscle weakness, depression or hallucinations, and she was fully oriented and in no acute distress…In fact, the claimant indicated that her problems did not make it difficult for her at all to do her work, to take care of things at home, or to get along with other people.

(Tr. 17) (citing Tr. 763-768).

Another example from the decision shows the ALJ observed that the arthroscopic surgery Plaintiff had received in August 2013 had been "conservative in nature and generally successful" in controlling her symptoms. (Tr. 18). "[I]n September 2013 the claimant reported an improved quality of life and increased activity levels due to pain reduction provided by the medications and procedures." (Tr. 18, 920). The ALJ's consideration of Plaintiff's medical history and activities following the disability determination provide a basis for according the VA disability determination, effective February 10, 2010, less than substantial weight. See Bird, 699 F.3d at 343.

The undersigned is persuaded that the ALJ has identified "substantial evidence" – defined as "'more than a scintilla [and as] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" – to support his decision. Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401). "[S]o long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). If the ALJ erred by failing to explicitly explain how much weight he gave to the VA decision, such error in this instance is harmless.

**B.      Fibromyalgia Ruling SSR 12-2p**

Next, Plaintiff challenges the finding by the ALJ that her fibromyalgia does not meet or medically equal the criteria of any of the listings. Specifically, Plaintiff asserts that the ALJ only compared her mental impairment to listing 12.04 and did not compare her fibromyalgia to a listing to determine if it was equal. (Document No. 10, p. 9) (citing Tr. 14-15). Plaintiff further argues that the fibromyalgia should have been considered in combination with her other impairments when determining whether Plaintiff had a condition that met or equaled a listing, but it was not considered. (Document No. 10, p. 9) (citing Hair v. Astrue, 2011 WL 2681537, at *4-5 (E.D.N.C. June 16, 2011) (finding that the claimant's shoulder impairment had not been considered a severe impairment)).

Additionally, Plaintiff argues that the ALJ did not properly consider Plaintiff's fibromyalgia in formulating her RFC, and that he did not properly take into account Plaintiff's medical conditions when formulating his opinion. (Document No. 10, p. 10).

In response, Defendant contends that the ALJ properly considered Plaintiff's fibromyalgia in accordance with SSR 12-2p, which requires that the judge "consider [fibromyalgia] throughout

the sequential evaluation process." (Document No. 12, p. 5) (quoting SSR 12-2p, 2012 WL 3104869, at *5). Defendant notes that the ALJ found Plaintiff had severe impairments at step two, including fibromyalgia. (Document No. 12, p. 5) (citing Tr. 14). Additionally, the ALJ indicated he considered all of Plaintiff's impairments, both singly and in combination, when evaluating whether Plaintiff's claim met a listing. (Document No. 12, p. 5-6) (citing Tr. 14). Defendant goes on to argue that Hair is not an analogous case because the ALJ in that case did not consider the shoulder impairment at issue in the case as severe, and consequently did not review it when considering whether Plaintiff met a listing. (Document No. 12, p. 7) (citing Hair, 2011 WL 2681537, at *4-5).

Defendant further responds by citing the ALJ decision, where the ALJ explicitly notes "fibromyalgia" in making his function by function assessment. (Document No. 12, p. 8) (citing Tr. 19). Finally, Defendant provides evidence from the ALJ's decision indicating that credibility was properly determined. (Document No. 12, pp. 8-9) (citing Tr. 16-19).

The undersigned finds that the ALJ properly considered Plaintiff's fibromyalgia in accordance with SSR 12-2p. The ALJ considered the fibromyalgia a severe impairment in his decision. (Tr. 14). He explicitly stated that he considered "all impairments" when determining whether Plaintiff met or equaled a listing. (Tr. 14). He also accounted for the fibromyalgia in determining the RFC of light work with some exertional and non-exertional restrictions. (Tr. 19).

As Plaintiff has not assigned error specifically to the credibility determination of the ALJ, the undersigned will only consider credibility in the context of SSR 12-2p. It appears Plaintiff's credibility was considered, as shown by the ALJ's observation that the claimant's daily activities "are not limited to the extent one would expect" given her complaints of disabling symptoms. (Tr. 18). Additionally, the ALJ noted that "the claimant last worked as a manager at Sonic, a fast food

establishment, but that she left that job due to problems with scheduling and that if it had not been for that she would have stayed," suggesting Plaintiff was sometimes more active than reported. Accordingly, the record of the ALJ's decision provides substantial evidence that the ALJ properly followed SSR 12-2p in formulating his decision on Plaintiff's case.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 9) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 11) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 9, 2016

David C. Keesler
United States Magistrate Judge